UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM MULLER,

                              Petitioner,

                                                                         9:13-CV-0775

v.                                                                            (GTS/TWD)

WILLIAM LEE,

                              Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF JOEL B. RUDIN           JOEL B. RUDIN, ESQ.
  Counsel for Petitioner
600 Fifth Avenue, 10th Floor
New York, New York 10020

HON. ERIC T. SCHNEIDERMAN            ALYSON J. GILL, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *habeas corpus* proceeding by William Muller ("Petitioner") pursuant to 28 U.S.C. § 2254, is the Report-Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 44.) On September 19, 2016, Petitioner filed an Objection to the Report-Recommendation. (Dkt. No. 45.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2007 conviction of two counts of murder in the first degree but will simply refer the parties to the relevant portions of Magistrate Judge Dancks' Report-Recommendation, which accurately recite that factual background. (Dkt. No. 44, at Part II.)

### A. Petitioner's Claims

Generally, in his Petition, Petitioner asserts the following claims: (1) a claim that the County Court improperly precluded Petitioner from presenting an extreme-emotional-disturbance defense and from introducing evidence of his prior suicide attempts to support his defense of accident and lack of specific intent, in violation of the Fifth, Sixth, and Fourteenth Amendments; (2) a claim that, by failing to serve written notice of Petitioner's intent to offer psychiatric evidence, failing to consult a psychological expert to aid in the defense, failing to interview potential witnesses for the defense, needlessly questioning a potential juror as to media reports of Petitioner's confession, and failing to object to the prosecutor's misleading summation, Petitioner's trial counsel was ineffective in violation of the Sixth Amendment; (3) a claim that, by failing to raise trial counsel's improper questioning during *voir dire* on appeal, Petitioner's appellate counsel was ineffective in violation of the Sixth Amendment; (4) a claim that the County Court improperly curtailed the cross-examination of Petitioner's wife (regarding her pecuniary interest in Petitioner's conviction) in violation of the Sixth Amendment; and (5) a claim that the prosecution's failure to disclose *Brady* material and its misleading summation violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments. (Dkt. No. 1 at 12, Grounds One Through Five.)

### B. Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks recommends dismissal of the Petition for the following reasons: (1) with respect to Petitioner's claim that the County Court erred by precluding Petitioner from presenting an extreme-emotional-disturbance defense and limiting the presentation of evidence in support of his mental state, the County Court properly balanced the interests of both parties in making its evidentiary rulings, Petitioner was not unduly prejudiced, and the County Court's rulings were not in contravention of established Supreme Court precedent; (2) with respect to Petitioner's claim that trial counsel was ineffective, because Petitioner failed to establish prejudice (i.e., that, but for counsel's alleged errors, the outcome of the matter would have been different), the County Court correctly determined that Petitioner received a "competent and meaningful defense," and that "no constitutional violations occurred which were contrary to nor an unreasonable application of clearly established federal law"; (3) with respect to Petitioner's claim that Appellate Counsel was ineffective by failing to raise on appeal the issue of trial counsel's misconduct during *voir dire*, the Appellate Division's rejection of this claim was not improper or contrary to *Strickland* because Petitioner failed to demonstrate that trial counsel's performance was incompetent and below professional standards or that, but for this issue, the jury's determination would have been different; (4) with respect to Petitioner's claim that the County Court improperly restricted the cross-examination of his wife, the County Court properly weighed the rights of both parties under the Confrontation Clause, and the record evidence shows that trial counsel was effective in his cross-examination and able to raise issues of credibility; and (5) with respect to Petitioner's claim that the prosecution failed to disclose *Brady* material and conducted a misleading summation, the suppressed evidence was immaterial to Petitioner's case, and the summation was supported by the record and was not "sufficiently egregious" to affect the entire trial. (Dkt. No. 44, at Part IV.)

### C. Objection to the Report-Recommendation

Generally, in his Objection, Petitioner asserts the following arguments: (1) the Magistrate Judge erred in recommending the denial of Petitioner's claim that the state courts' rulings precluding him from presenting his extreme-emotional-disturbance defense, as well as certain evidence in support of his defense of accident, unreasonably deprived him of his federal constitutional right to present a defense; (2) the Magistrate Judge erred by upholding the County Court's determination that trial counsel's and appellate counsel's failures were not prejudicial and that those counsels' overall representations were reasonable, without giving further consideration as to whether a single error was prejudicial to Petitioner (e.g., regarding jury selection, preparation for trial, file a written notice of the extreme-emotional-disturbance defense, and the prosecutor's improper summation); (3) the Magistrate Judge erred in upholding the County Court's determination that the *Brady* material was immaterial to Petitioner's case in that it was not exculpatory, because *Brady* does not require that material be exculpatory just that it be "favorable" and "material," and the evidence in question was "favorable" to Petitioner's case; and (4) a Certificate of Appealability should be granted because Petitioner has made a substantial showing that his constitutional rights to present a meaningful defense were denied. (Dkt. No. 45, at Objection Nos. 1 Through 4.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

5

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's *Habeas* Petition

Magistrate Judge Dancks has recited the legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2244(d)(1). (Dkt. No. 44, at Part III.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

### III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Dancks' Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Dancks. Magistrate Judge Dancks employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 44, at Parts II Through IV.) As a result, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation in its entirety for the reasons stated therein. (*Id.*) To those reasons the Court would add only two points.

First, when stripped of preliminary language superficially challenging certain of the recommendations contained in Report-Recommendation, the first three of the four arguments contained in the Objection (described above in Part I.C. of this Decision and Order), at their

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

core, simply reiterate arguments asserted in Petitioner's underlying reply memorandum of law. (*Compare* Dkt. No. 45, at 4-24 [Objection] *with* Dkt. No. 28, at 8-53 [Petitioner's Reply Memo. of Law].) Indeed, Petitioner expressly attempts to incorporate several of those arguments in his Objection. (*See, e.g.,* Dkt. No. 45, at 17, 21, 24.) As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive.

Second, even if those portions of the Report-Recommendation were entitled to a *de novo* review, they would survive that review, again for the reasons stated in the Report-Recommendation. With regard to the first argument asserted in Petitioner's Objection, for the sake of brevity, the Court will assume that Petitioner has sufficiently specified what "*otherwise competent*" proof of his extreme-emotional-disturbance defense he possessed during the time in question. N.Y. C.P.L. § 250.10(5) (emphasis added). More important is the fact that, given the nature of Petitioner's failure regarding the notice requirement of N.Y. C.P.L. § 250.10, and the psychiatric examination directive of the County Court, the County Court complied with New York State law in precluding the defense,[5] and did not preclude it in a disproportionate or

---

[5] *See, e.g., New York v. Diaz*, 15 N.Y.3d 40, 46-47 (N.Y. 2010) ("The aims of CPL 250.10's notice requirement–preventing unfair surprise and allowing the People an opportunity to obtain evidence from any source, expert or otherwise–are implicated whether a defendant seeks to establish a mental infirmity through expert or lay testimony, whether by the defendant or other persons, such as witnesses to the events related to the crimes charged. Consequently, for purposes of the notice provision, psychiatric evidence, which we have broadly construed to encompass 'any' mental health evidence offered by a defendant, includes lay testimony."), *aff'g*, 876 N.Y.S.2d 69, 76 (N.Y. App. Div., 2d Dept. 2009) ("[T]he statutory language of preclusion for failure to comply with the notice provision contemplates a bar of the defense, in toto, in the absence of the requisite notice of intent by the defense, not only the preclusion of expert testimony to support it.") (citing cases); *New York v. Berk*, 88 N.Y.2d 257, 265 (N.Y. 1996) ("Inasmuch as the notice provision was intended to allow the People an opportunity to obtain any mental health evidence necessary to refute a defense of mental infirmity, it follows that it applies to *any* mental health evidence to be offered by the defendant in connection with such a defense.") (internal quotation marks omitted; emphasis in original); *New York v. Gonzalez*, 22 N.Y.3d 539, 545 (N.Y. App. Div., 2d Dep't 2014) ("Failure to comply with the notice provision

8

mechanical manner (for purposes of the United States Constitution and Supreme Court precedent). In any event, even if the Court were to conclude that County Court did not have an appropriate basis to preclude the defense, Petitioner would not have been prejudiced because he has never established that the requisite elements of such a defense exist: he has failed to prove that a relevant connection existed between his claimed mental infirmity and his decision to deliberately shoot and kill two innocent people. The Court reaches a similar conclusion (of lack opportunity to rebut Petitioner's evidence and lack of relevance) with regard to the evidence regarding Petitioner's prior suicide attempts (given that Petitioner denied the prosecutor prior access to his medical records).

With regard to the second argument asserted in Petitioner's Objection, the Court finds that, in her 17 pages of analysis of Petitioner's ineffective-assistance-of-counsel claims, Magistrate Judge Dancks adequately considered Petitioner's assigned errors both individually and together. (Dkt. No. 44, at 38-54.)

With regard to the third argument asserted in Petitioner's Objection, the Court notes that Petitioner's focus on Magistrate Judge Dancks' reliance on Petitioner's trial testimony that the shootings were accidental (1) ignores her finding that the absence of the undisclosed evidence does not undermine confidence in the outcome of the trial, and (2) ignores her finding that the undisclosed evidence is not material (because, had it been disclosed, it would not have changed the result of the proceedings). (Dkt. No. 44, at 59-60.)

---

will preclude the defendant not only from admitting psychiatric evidence, but from raising any defense predicated on a mental infirmity, including extreme emotional disturbance.") (internal quotation marks omitted).

Finally, with regard to the fourth argument asserted in Petitioner's Objection, the Court finds that, because this argument hinges on whether the above-referenced issues are reasonably debatable, the because the Court finds that those issues are not reasonably debatable, the Court rejects this argument. The Court notes that it interprets the length of Magistrate Judge Danck's Report-Recommendation as resulting more from the number of arguments presented in Petitioner's 68-page reply memorandum of law (and perhaps the enormity of the possibility of Petitioner receiving less than a life sentence) than from the merit of those arguments.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 44) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 27, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge