UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM MULLER,

                Petitioner,

v.                                        9:13-CV-0775
                                                      (GTS/TWD)

WILLIAM LEE,

                Respondent.

---

APPEARANCES:                                    OF COUNSEL:

WILLIAM MULLER
Petitioner, pro se
07-A-3433
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. LETITIA JAMES                        ALYSON J. GILL, ESQ.
Attorney for Respondent                    Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
United States Chief District Judge

## DECISION and ORDER

### I.     INTRODUCTION

Petitioner William Muller filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as various supporting exhibits. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1-1-7, Exhibits. Respondent opposed the petition. Dkt. No. 11, Response; Dkt. Nos. 13-23, State Court Records. Petitioner filed a counseled reply. Dkt. No. 28. Respondent requested, and was granted, permission to filed a surreply. Dkt. Nos.

29-36. On September 5, 2016, Magistrate Judge Dancks issued a Report and Recommendation recommending denying and dismissing the petition in its entirety. Dkt. No. 44, Report and Recommendation ("R&R"). Petitioner filed timely objections to the R&R. Dkt No. 45. On September 27, 2016, Chief District Judge Suddaby accepted the R&R in its entirety, and the petition was denied and dismissed. Dkt. No. 46, Decision and Order ("September Order"); Dkt. No. 47, Judgment.

On October 20, 2016, petitioner filed a counseled Notice of Appeal to the United States Court of Appeals, Second Circuit. Dkt. No. 48. On February 15, 2017, the Second Circuit issued an order dismissing the appeal. Dkt. No. 50, Mandate.

On November 19, 2020, petitioner filed a pro se letter seeking permission to file a motion to vacate his conviction pursuant to Federal Rule of Civil Procedure 60(b). Dkt. No. 51. The Court denied the letter motion, stating that "[p]etitioner neither indicate[d] the ground for such a motion nor shows that it would be timely under Fed. R. Civ. P. 60(c)." Dkt. No. 52.

Presently pending before the Court is a motion to vacate judgment, pursuant to Rule 60(b), and an application to proceed in forma pauperis. Dkt. No. 53, Motion to Vacate; Dkt. No. 54, IFP Application. For the following reasons, both motions are denied.

## II.     IFP APPLICATION

Petitioner's IFP application, Dkt. No. 54, is denied as moot because he has already paid the filing fee. *See* Dkt. Entry dated 07/02/2013.

## III.    PETITIONER'S MOTION TO VACATE

Petitioner asks for relief pursuant to Rule 60(b)(6) because extraordinary circumstances support the vacation of his conviction. Dkt. No. 53. Specifically, petitioner

2

contends that non-existent facts were stressed in the state court appeals which "laid [a] faulty foundation [for] the District Court's decision." *Id.* at 21-30. Consequently, had the state courts presented the facts in a correct manner, then "meritorious claims would have been apparent." *Id.* at 30-31. Further, due to ineffective assistance of appellate counsel, several arguments were omitted or overlooked and, as a result, several constitutional violations occurred. *Id.* at 31-40.

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
>
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud, misrepresentation, or misconduct;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged; or
>
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at

*2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12. "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

It is first important to understand that

> [a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction. As to the motion under Rule 60(b), while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does not seek that relief. It seeks only to vacate the federal court judgment dismissing the habeas petition. The grant of such a motion would not have the effect of invalidating the state conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction.

*Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001). Stated another way, "[a] Rule 60(b) motion may be used to attack the integrity of the previous habeas proceeding, but it may not be used as a vehicle to attack the underlying criminal conviction." *Reynolds*, 2010 WL 604179, at *3 (internal quotation marks omitted) (citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 529; *see also Negron v. United States*, 164 F. App'x 158, 158-59 (2d Cir. 2006) (explaining that Rule 60 provides relief in civil suits, accordingly "cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

> [A] Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (I) the court may treat the . . . motion as "a second or successive" habeas

4

> petition, in which case it should be transferred to th[e Second
> Circuit] for possible certification, or (ii) the court may simply deny
> the portion of the motion attacking the underlying conviction "as
> beyond the scope of Rule 60(b).

*Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

Here, petitioner makes his motion pursuant to Rule 60(b)(6). It fails for several reasons.

First, the present motion was made in direct violation of the Court's prior order denying petitioner permission to file said motion. Dkt. No. 52. Second, the motion is untimely. Petitioner waited four years and three months to file this motion from the time his habeas petition was denied and dismissed. Further, petitioner waited almost three years and eleven months after the Second Circuit denied his appeal to file the present motion. Petitioner provides no explanation for this delay in filing. "Courts in the Second Circuit have routinely held that shorter periods of time are unreasonable." *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (citing cases); *see also Pabon v. Maciol*, 374 F. App'x 178, 180 (2d Cir. 2010) (holding that "the district court did not abuse its discretion in denying [the] Rule 60(b) motion" when it was made, without any explanation, "almost nine months after th[e Second Circuit] denied [petitioner's motion] for rehearing of the order affirming the district court's judgment, and almost four years after the district court entered its judgment."); *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (holding that a Rule 60(b) motion "made twenty-six months after the entry of the final judgment" constituted "a patently unreasonable delay absent mitigating circumstances" of which petitioner presented none); *Rodriguez*, 252 F.3d at 201 (holding that filing a Rule 60(b)(6) motion "three and one-half years from the date judgment was entered is [not] a reasonable time."); *Arias v. Connolly*, No. 1:15-CV-5476,

5

2017 WL 5633195, at *4 (E.D.N.Y. Nov. 21, 2017) (denying a Rule 60(b)(6) motion as untimely where "[p]etitioner offers no explanation [for] the thirteen-month delay between the dismissal of his petition and the filing of his Rule 60(b) motion[.]").  This is especially true where the arguments petitioner puts forth involve alleged factual misunderstandings which petitioner was aware of, at the earliest, after the appellate division denied his direct appeal and, at the latest, when the habeas petition was denied.  *Arias*, 2017 WL 5633195, at *4.

Third, and finally, petitioner's arguments are still primarily challenging the merits of his state court conviction.  *See* Dkt. No. 53.  Petitioner argues that the state appellate court misconstrued the facts of his appeal and it has prejudiced the subsequent challenges he has made to his conviction.  *Id.*  In short, petitioner is, again, attempting to invalidate his state court conviction through the wrong procedural vehicle.  *Gonzalez*, 545 U.S. at 529; *Negron*, 164 F. App'x at 158-59; *Harris*, 367 F.3d at 77; *Reynolds*, 2010 WL 604179, at *3.  Therefore, the motion is beyond the scope of Rule 60(b).

### III.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP application, Dkt. No. 54, is **DENIED AS MOOT**; and it is further

**ORDERED** that petitioner's motion to vacate, Dkt. No. 53, is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: January 20, 2021
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge